# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., | Case No. 1:15-cv-01587-SKO (PC) |
| Plaintiff, | ORDER (1) REVOKING IN FORMA PAUPERIS STATUS, (2) VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE, (3) DIRECTING CLERK'S OFFICE TO SERVE ORDER ON CDCR AND FINANCIAL DEPT., AND (4) DISMISSING ACTION |
| v. | |
| CDCR, et al., | |
| Defendants. | |
| | (Doc. 6) |

Plaintiff Richard Jose Dupree, Jr. ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 8, 2015. Plaintiff was granted leave to proceed in forma pauperis on October 20, 2015. However, the Court has since determined that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

---

[1] Prior to the date he filed this action, Plaintiff had more than three case dismissals that qualify as strikes under section 1915(g). *Coleman v. Tollefson*, __ U.S. __, __, 135 S.Ct. 1759, 1765 (2015). The Court takes judicial notice of the following three Eastern District of California cases that count as strikes: *Dupree v. Santiago, et al.*, 2:11-cv-00309-EFB (E.D.Cal.) (dismissed for failure to state a claim on Feb. 22, 2011); *Dupree v. Scott*, 1:11-cv-00565-OWW-DLB

the imminent danger exception to section 1915(g).[2]  *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007).  Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's in forma pauperis status is REVOKED;
2. The order directing the California Department of Corrections and Rehabilitation ("CDCR") to collect the filing fee is VACATED;[3]
3. The Clerk's Office shall serve a copy of this order on (1) the Director of CDCR via CM/ECF and (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and
4. This action is dismissed, without prejudice to refiling accompanied by the $400.00 filing fee.

IT IS SO ORDERED.

Dated:   **December 7, 2015**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

---

(E.D.Cal.) (dismissed for failure to state a claim on Jul. 12, 2011); and *Dupree v. Stephens, et al.*, 1:11-cv-01193-GSA (E.D.Cal.) (dismissed for failure to state a claim on Jul. 22, 2011).

[2] Plaintiff is presently incarcerated at California State Prison-Sacramento.  His claims in this action arise from a California State Prison-Corcoran classification committee decision to classify him as an "R" suffix inmate.  Plaintiff was written up twenty-one times for indecent exposure in prison but he was never criminally charged for the offenses, other than one misdemeanor conviction.  Plaintiff challenges the "R" suffix classification, and he alleges that he has been subjected to verbal abuse by guards in front of other prisoners, which in turn subjects him to "imminent danger" within the prison population.  (Doc. 1, Comp., 6:20-21.)  These allegations do not satisfy the imminent danger exception, which requires plausible allegations of imminent danger of serious physical injury at the time of filing. *Andrews*, 493 F.3d at 1055-56.

[3] Court records reflect that none of the filing has been collected.